# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 1505020549 |
| | ) | In and for Kent County |
| | ) | |
| v. | ) | RK15-08-0185-01 |
| | ) | Rape 2nd WO Con (F) |
| **BOBBIE L. HARRELL,** | ) | RK15-08-0189-01 |
| | ) | Reck End 1st (F) |
| Defendant. | ) | |

## ORDER

Submitted: April 4, 2018
Decided: April 9, 2018

On this 9th day of April, 2018, upon consideration of the Defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1.  The defendant, Bobbie L. Harrell ("Harrell"), pled guilty on March 1, 2017 to one count of Rape in the Second Degree, without consent, 11 *Del. C.* § 772, and one count of Reckless Endangering in the First Degree, 11 *Del. C.* § 604. In exchange for his plea, the State entered a Nolle Prosequi on the remaining counts, including one additional count of Rape in the Second Degree, without consent, two counts of Sexual Abuse by a Person in a Position of Trust in the First Degree, and one count of Endangering the Welfare of a Child. As part of the plea agreement, the State recommended a sentence of fifty-five years' incarceration suspended after serving thirty years, for probation. Due to the nature of the charges and Harrell's criminal history, he faced enhanced sentencing and a minimum mandatory sentence of twenty-five years' incarceration on the Rape in the Second Degree charges and the possibility of several terms of life imprisonment. The Court agreed with the State's recommendation and

sentenced Harrell to a total of fifty-five years' incarceration suspended after thirty years for probation, twenty-five of which were minimum mandatory.

2.      On March 14, 2017, Harrell filed a Motion for Modification of Sentence, which the Court denied on May 11, 2017. Harrell did not appeal his conviction or sentence to the Delaware Supreme Court. He filed, *pro se,* the pending motion for postconviction relief pursuant to Superior Court Criminal Rule 61 on May 3, 2017, alleging ineffective assistance of counsel.

3.      The matter was referred to the Commissioner for findings of fact and recommendation pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62. The Commissioner has filed a Report and Recommendation recommending that the Court *deny* the Defendant's Motion for Postconviction Relief as procedurally barred and completely meritless.

4.      After the issuance of the Commissioner's Report, neither party filed an appeal.

**NOW, THEREFORE,** after a *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation dated February 5, 2018,

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation is adopted by the Court in its entirety. Accordingly, Movant's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is hereby **DENIED.**

*State v. Bobbie L. Harrell*
ID No.  1505020549
April 9, 2018

## IT IS SO ORDERED.

_____
Judge

NEP/wjs
oc:   Prothonotary
cc:   The Honorable Andrea M. Freud
      Kathleen A. Dickerson, Esquire
      Suzanne E. Macpherson-Johnson, Esquire
      Bobbie L. Harrell, JTVCC